**BECHTEL POWER CORPORATION, Petitioner,**

v.

**SECRETARY OF LABOR, Respondent.**

No. 76–1365.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1977.

Decided Jan. 25, 1977.

John P. Arness, Washington, D. C., for petitioner; Terry Michael Banks and Bonnie S. Temple, of Hogan & Hartson, Washington, D. C., and Christian B. Peper, Jr., Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., on brief.

Stephen Bokat, Atty., U. S. Dept. of Labor, Washington, D. C., for respondent; William J. Kilbert, Sol. of Labor, Benjamin W. Mintz, Associate Sol., for Occupational Safety & Health, Michael H. Levin, and Allen H. Feldman, Appellate Litigation, and Allen H. Sachsel, Atty., Appellate Sec., Civil Div., Dept. of Justice, Washington, D. C., on brief.

Anthony J. Obadal and Alan D. Cirker, of Zimmerman & Obadal, Washington, D. C.,

for amicus curiae, The Nat. Constructors Ass'n.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Bechtel Power Corporation (Bechtel) seeks review of a final order of the Occupational Safety and Health Review Commission. The Commission found Bechtel responsible for the exposure of its employees to five non-serious violations of § 5(a)(2) of the Occupational Safety and Health Act of 1970, (OSHA), 29 U.S.C. § 654(a)(2), on a construction site at Crystal City, Missouri, where Bechtel was the construction manager for the building of a power plant.

On its petition for review Bechtel contends that it is not subject to the construction standards of 29 C.F.R. §§ 1926 *et seq.* since its employees were not performing the actual work of construction and therefore were not "engaged in construction work" within the meaning of 29 C.F.R. § 1910.-12(a). Under its contract with the owner Union Electric, Bechtel was responsible for the administration and coordination of all phases of the construction including the safety program. In fulfilling these responsibilities Bechtel's employees worked in a managerial or supervisory capacity and did not perform the actual work of construction. The Commission held that since Bechtel's functions as construction manager were "an integral part of the total construction," it was "engaged in construction work" within the meaning of the regulations.

Bechtel contends that this result is contrary to the definitions of "employer" and "employee" applicable to the construction standards. 29 C.F.R. §§ 1926.32(a), (i) and (j). The Commission held that the Secretary of Labor's adoption of the construction standards prescribed in 29 C.F.R. §§ 1926 *et seq.* as the OSHA standards did not include the definitional sections relied on by Bechtel. 29 C.F.R. §§ 1910.11(b) and 1910.-12(c).

In seeking reversal of the Commission's decision Bechtel further relies upon the Seventh Circuit's decision in *Anning-Johnson Co. v. OSHRC,* 516 F.2d 1081 (7th Cir. 1975). In *Anning-Johnson* the court held that subcontractors on a multi-employer construction site were not liable for the exposure of their employees to non-serious violations which the subcontractors "neither created nor were responsible for pursuant to their contractual duties." *Id.* at 1082. The Commission factually distinguished *Anning-Johnson* by noting that Bechtel, unlike a subcontractor, was contractually responsible for the construction site's safety program and thus possessed the power to protect its employees.

We find the Commission's application of the Occupational Safety and Health Act correct and its holding otherwise supported by substantial evidence on the record as a whole. We sustain the Commission's decision on the basis of its written opinion.